# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

| | |
|---|---|
| KENNETH PRITCHARD,<br><br>                Plaintiff-Appellant,<br><br>v.<br><br>METROPOLITAN WASHINGTON AIRPORTS AUTHORITY<br><br>                Defendant-Appellee. | No. 19-2386 |

## **METROPOLITAN WASHINGTON AIRPORTS AUTHORITY'S MOTION FOR SUMMARY AFFIRMANCE**

COMES NOW Defendant-Appellee, Metropolitan Washington Airports Authority ("MWAA"), by counsel, and files this Motion for Summary Affirmance of the District Court's ruling granting MWAA summary judgment in this matter. In support thereof, MWAA states as follows:

**I.     PRELIMINARY STATEMENT**

This is a personnel dispute involving a manager, Kenneth Pritchard ("Pritchard"), who was terminated following a subordinate's (Gail Endicott ("Endicott")) complaint in early November 2016 about his behavior and treatment of her and others within his department, which she characterized as harassment of a pervasive and severe nature that was causing her both emotional and physical harm. Following receipt of this complaint, MWAA hired an outside investigator to

determine whether Endicott's complaint was supported by evidence. The allegations were sustained by the investigator whose findings were relied upon by MWAA in terminating Pritchard.

The investigator, Morris Kletzkin ("Kletzkin"), interviewed fourteen (14) witnesses including Endicott and Pritchard. The witnesses, by and large, supported Endicott's claims. Kletzkin also obtained and reviewed numerous e-mails which supported Endicott's claims. In addition, Kletzkin found substantial evidence of ongoing insubordination by Pritchard toward his supervisor, Sr. V.P. of Human Resources and Administration Anthony Vegliante ("Vegliante"), and to the CEO of MWAA, John Potter ("Potter"). Kletzkin uncovered evidence that Pritchard had been routinely characterizing Vegliante and Potter as "idiots" and "incompetents" to his subordinates and had been directing them not to cooperate with Vegliante.

Following the conclusion of the investigation, Kletzkin prepared an 18 page, single-spaced, report which concluded that Pritchard had violated a number of MWAA's employment rules. This report was transmitted to Vegliante, who, as Pritchard's first-line supervisor, was responsible for disciplining Pritchard. On January 19, 2017, after reviewing Kletzkin's report, Vegliante proposed Pritchard's termination. Pritchard responded to this proposed termination through counsel. Finding Pritchard's stated reasons for why he should not be terminated to be lacking, Vegliante terminated Pritchard's employment on February 7, 2017.

Although Pritchard had the right under MWAA's rules to appeal this termination to Potter, he declined to do so.

At the conclusion of discovery, MWAA filed a Motion for Summary Judgment with the District Court. At the same time, MWAA filed a Motion in Limine to exclude certain evidence at trial. The District Court permitted Pritchard to file two Oppositions to the Motion for Summary Judgment.[1] The District Court took up both motions together and heard argument on October 4, 2019. Following a lengthy argument, and after considering the extensive briefing on both motions, the District Court correctly concluded that MWAA's Motion for Summary Judgment should be granted, and entered summary judgment in MWAA's favor.[2]

After liberally construing the evidence in Pritchard's favor and granting him all reasonable inferences therefrom, the District Court authored a comprehensive and well-reasoned twenty-nine (29) page opinion granting summary judgment to MWAA. The District Court's ruling should be summarily affirmed because the

---

[1] Pritchard's original Opposition to the Motion for Summary Judgment was procedurally defective as it failed to meet the requirements of Local Rule 56(B) and the Court's Scheduling Order (Doc. 21). Defendant had pointed out the defects in its Reply. The District Court granted Pritchard's motion for leave to file a corrected brief conforming to the rules without entertaining opposition to the motion from defendant MWAA.

[2] Since the District Court granted MWAA's Motion for Summary Judgment, it denied MWAA's Motion in Limine as moot.

issues raised by Pritchard on appeal are unsubstantial and appropriate for disposition by motion. See L.R. App. P. 27(f)(1). Where the "merits of this appeal are so clear as to make summary affirmance proper," summary affirmance should be granted. Walker v. Washington, 627 F.2d 541, 545 (D.C. Cir. 1980) cert. denied, 449 U.S. 994 (1980); see also Morgan v. U.S., 801 F.2d 445 (D.C. Cir. 1986), cert. denied, 480 U.S. 911 (1987).

## II.   ARGUMENT

### A. Summary affirmance on Count I (Retaliation – Termination) is appropriate because Pritchard cannot establish that MWAA's reason for his termination was a pretext for unlawful retaliation under Title VII.

As the District Court correctly held, once a plaintiff establishes a *prima facie* case of retaliatory discharge under Title VII, the burden shifts to the employer to rebut the presumption of retaliation by articulating a legitimate, non-retaliatory reason for the adverse employment action. See Memorandum Opinion and Order granting summary judgment, Case 1:-18-cv-01432, Doc. 75 (hereinafter, "SJ Opinion"), pp. 11 – 12. If the employer articulates such a legitimate reasons for the adverse employment action, the burden remains with the plaintiff to demonstrate that the employer's legitimate, non-retaliatory reason for the adverse employment action was actually a pretext to disguise the true reason for the adverse employment action – that of unlawful retaliation. Id. at p. 12.

Despite MWAA's argument that Pritchard had failed to establish a *prima facie* case of retaliation under Title VII, the District Court gave him the benefit of the doubt and assumed for purposes of its analysis that Pritchard had made the requisite *prima facie* showing. <u>Id</u>. at 13. Proceeding with the analysis under <u>McDonnell Douglas</u> and its progeny, the District Court noted that MWAA had "clearly" articulated a legitimate, non-retaliatory reason for Pritchard's termination – namely that Pritchard was terminated after an investigation into Endicott's complaint about his conduct revealed "numerous" violations of MWAA policy and insubordination. <u>Id.</u> at p. 14.

Finding that MWAA articulated a legitimate, non-retaliatory reason for Pritchard's termination, the District Court turned its analysis to whether Pritchard had adduced evidence which demonstrated that MWAA's reason for his termination was a pretext to mask unlawful retaliation. The District Court correctly concluded that Pritchard had not shown any evidence to establish pretext. <u>Id.</u> at 16 - 20. The District Court rejected Pritchard's contentions that the investigation was flawed or that Pritchard's conduct was within the normal behavior tolerated by MWAA. To the contrary, it was because a female employee made a written complaint against a male supervisor alleging abusive behavior, which is not tolerated, that MWAA conducted a thorough, impartial investigation as most employers would.

5

First, the District Court properly noted that the issue on pretext is not whether MWAA's decision to terminate Pritchard's employment was correct, but whether it was based on honest belief and reliance on the facts before it at the time the decision was made. _Id._ at pp. 14, 17. The evidence in this case, as found by the District Court after an exhaustive review[3], shows that Vegliante, the deciding official, had a reasonable and honest belief that the facts uncovered during the investigation into Pritchard's conduct -- an investigation that was conducted by outside counsel and involved the interview of fourteen (14) witnesses (including Pritchard and the complaining subordinate) and the review of numerous documents -- were true and accurate. _Id._ at pp. 14 – 15. Pritchard's argument that the investigation was not "independent and fair" is misplaced. _See_ Docketing Statement, Doc. 10-1, p. 2. Pritchard presented no evidence below that the investigation was not "independent," and does not have any evidence that the "real cause of his hostile treatment and termination" was his alleged protected activities. _Id._ Pritchard claims that he has been an unrelenting whistleblower since

---

[3] Despite Pritchard's protestations in the Docketing Statement (Doc. 10-1) that the District Court ignored his evidence in this matter, the District Court reviewed a plethora of evidence submitted by Pritchard, which included over five hundred (500) pages of exhibits, and considered not one, but two, Oppositions to MWAA's Motion for Summary Judgment, additional briefing in opposition to MWAA's Motion in Limine, and a one-hour oral argument.

Vegliante's appointment as Vice President, but nothing happened to him until Endicott's complaint was received and investigated.

Pritchard's claim that the investigation was not "fair" because it was not as thorough as he claims was necessary is similarly erroneous. *Id.* The District Court correctly noted that there is no requirement in the law that the investigation be "flawless" or perfect, but only that the employer's decision to terminate was "reasonably informed" following such investigation. *See* SJ Opinion, pp. 15 – 17. All of the evidence presented to the District Court demonstrated that Vegliante had a strong basis for his decision to terminate Pritchard's employment. In fact, although Pritchard attacked the credibility of various witnesses in his briefings in opposition to summary judgment, he notably did not attack Vegliante's credibility.[4] Pritchard's attack on Endicott's credibility, for example, does not demonstrate that Vegliante would have any reason to doubt her version of events, particularly when Endicott's version of events was supported by other witnesses interviewed during the investigation into Pritchard's conduct.[5] *Id.*

---

[4] Oddly, Pritchard attacks the credibility of Phillip Sunderland, the General Counsel, although there is no evidence connecting Sunderland to the decision to hire outside counsel, to the results of the investigation or to the decision to terminate Pritchard.

[5] Additionally, Vegliante testified that this was not the first complaint he had received from a female employee about Pritchard. He previously received an oral

7

Pritchard is similarly off-the-mark when he claims in his Docketing Statement that the District Court did not consider General Counsel Phillip Sunderland's ("Sunderland") testimony regarding "balkanization." See Doc 10-1, p. 2. Sunderland's testimony was considered by the District Court, as noted in its SJ Opinion, but the Court concluded that this testimony did not demonstrate pretext. See SJ Opinion, p. 18 – 19, note 5. And although Pritchard now alleges that the District Court did not consider other parts of Sunderland's deposition testimony, i.e. that Sunderland "previously used a law firm to write a report to justify termination of Arl Williams," or that Sunderland engaged in similar or worse conduct than Pritchard, such as "harassing his secretary, and jokingly proposing to assassinate a plaintiff suing MWAA,"[6] there is no evidence that the District Court did not consider this testimony, and such testimony does not change the analysis regarding pretext in this case in any event. See Doc. 10-1, p. 2. Indeed, the District Court was supplied with Sunderland's full deposition transcript and referred to Sunderland's testimony in the SJ Opinion, indicating it was aware

---

complaint from another female employee about Pritchard which he handled by counseling Pritchard about his conduct.

[6] There is no evidence supporting this allegation, nor was it brought to the District Court's attention during the summary judgment proceeding. Further, it strains credulity that such a comment, said jokingly, would be equivalent to Pritchard's abusive conduct.

of, and considered, Sunderland's testimony in this case. Moreover, Sunderland's testimony that a former Vice President, Arl Williams, was terminated prior to Vegliante's hiring following an investigation and in connection with a Department of Transportation audit after MWAA already knew it had a problem with this particular Vice President, does not render Vegliante's reliance on the investigation into Pritchard's conduct as suspect. Vegliante had nothing to do with the termination of Arl Williams, and was hired from outside of MWAA to succeed Arl Williams.

Similarly, unsubstantiated allegations regarding Sunderland's alleged "harassment" of a secretary do not create pretext in this case. There was zero evidence of this alleged behavior presented in this case, other than Pritchard's own self-serving say-so that it occurred.

Pritchard next complains that the District Court ignored MWAA's failure to discipline Peter Delate ("Delate"), an alleged comparator who claimed that Endicott was mean to him. _See_ Doc. 10-2, p. 2. But Pritchard is wrong again. For one, Delate is not similarly situated to Pritchard, as Pritchard was a manager and Delate was not. And the District Court did consider Pritchard's claims about Delate, but noted that these claims do not color the pretext analysis because Delate's allegations were different in substance and duration, and did not involve actions or non-actions taken by Vegliante. _See_ SJ Opinion, pp. 16, 18-19 (note 6).

9

Indeed, Endicott was not Delate's supervisor, and thus had no power over him to control the terms and conditions of his employment, which is in stark contrast to Pritchard's harassment of his subordinate Endicott.  See Reply to Opposition to Motion for Summary Judgment, Case 1:18-cv-01432-AJT-TCB, p. 11.

Pritchard's Docketing Statement references a "spoliation" argument that he contends should have defeated summary judgment in this case.  See SJ Opinion, p. 2.  Procedurally, Pritchard did not file a motion for spoliation sanctions, and the failure to file such a motion precluded consideration of this issue.  But regardless of Pritchard's procedural failure, the half-baked and last minute spoliation argument Pritchard raised for the first time in his opposition to the Motion for Summary Judgment was extremely untimely under applicable case law, and wholly erroneous given the over 20,000 pages of documents in Pritchard's possession related to his employment at MWAA.  Once it was raised in Pritchard's Opposition, the issue of spoliation was fully briefed to the District Court, and MWAA submits that the District Court's silence in the comprehensive SJ Opinion shows what it thought of that argument -- not that it did not consider the argument.  The argument simply merited no response.

Put simply, the District Court accepted and considered all of the evidence Pritchard put before it in the summary judgment phase of this case.  Further, the District Court gave Pritchard the benefit of the doubt regarding all the evidence

and the inferences to be deduced therefrom.  The District Court correctly concluded that summary judgment on Pritchard's retaliation claim was appropriate, and this Court should summarily affirm the District Court's decision.  Further briefing on this issue will not change the evidence in this case, nor change the fact that Pritchard's evidence is fatally deficient to support his claims.

### B. Summary affirmance on Count III (Retaliation – Hostile Work Environment) is appropriate because Pritchard cannot establish that the alleged retaliatory harassment was severe and pervasive, and cannot establish that MWAA's reason for his termination was a pretext for unlawful retaliation under Title VII.

Pritchard's Docketing Statement bizarrely alleges that he need not show a "severe and pervasive" level of conduct to prevail on a retaliatory hostile work environment claim, but this is incorrect.  _See_ Doc. 10-2, p. 2.  The District Court correctly determined the standard for Pritchard's retaliatory hostile work environment claim, which requires Pritchard to demonstrate that he engaged in a protected activity and that he was subject to severe and pervasive retaliatory harassment by a supervisor that is causally linked to the protected activity.[7]  _See_ SJ Opinion, p. 20.  Finding further that the alleged retaliatory hostile work

---

[7] The requirement of severe or pervasive harassment sufficient to alter the plaintiff's conditions of employment is a staple of Fourth Circuit precedent on this subject.  _See_ _Dooley v. Capstone Logistics, LLC_, 764 F. App'x 389, 390 (4th Cir. 2019); _Guessous v. Fairview Prop. Investments_, LLC, 828 F.3d 208, 221 (4th Cir. 2016).

environment must involve more than "minor workplace harms," the District Court properly concluded that the harms complained of by Pritchard, which primarily consisted of trivial "slights" such as whether Pritchard was invited to a meeting or asked to work on the development of a policy, did not rise to the level of "severe and pervasive" conduct necessary to make a *prima facie* case. *Id.* at 22 - 23.

Additionally, the District Court correctly found that, even if Pritchard could establish a *prima facie* case of retaliatory hostile work environment, summary judgment in MWAA's favor was still appropriate. Since MWAA had articulated a reasonable, non-retaliatory reason for Pritchard's dismissal, Pritchard needed to show the reason for his termination was pretextual. *Id.* at 23. But, as discussed above, Pritchard presented no evidence to support a successful pretext argument, and thus the District Court properly granted MWAA summary judgment on Count III of the Complaint.

> **C. Summary affirmance on Count IV (Termination in Violation of the National Defense Authorization Act for Fiscal year 2013 ("NDAA") and the American Recovery and Reinvestment Act ("ARRA")) and Count V (Hostile Work Environment in Violation of the NDAA and the ARRA) is appropriate because Pritchard cannot establish that he is entitled to relief under either Act.**

The District Court properly granted summary judgment to MWAA on Pritchard's claims under the NDAA and ARRA. As the District Court held, only one of Pritchard's alleged violations under NDAA was not time barred due to the

Act's coverage of only events that occurred after a certain date.  *Id.* at 25.  That alleged violation, a disclosure to MWAA Associate General Counsel Bruce Heppen ("Heppen") on November 18, 2016, fails to establish protected activity under the NDAA, however, because as the District Court found, Pritchard failed to produce evidence that the alleged protected disclosure related to any contract covered under the NDAA.  *Id.* at 26.

Further, the District Court found that Pritchard did not make his protected disclosure to a "required person" under the NDAA, which is a requisite for a retaliation claim under the Act to lie.  Heppen was not a "required person" as defined by the NDAA, and Pritchard presented no evidence that he told anyone else (someone who was actually a "required person") about his alleged concerns.  *Id.* at 27.

Lastly, Pritchard did not establish that the protected disclosure made to Heppen on November 18, 2016 was a contributing factor to his termination, or that MWAA would not have terminated his employment in the absence of the disclosure.  *Id.* at 27.  Indeed, the decision to investigate Pritchard for Endicott's complaints had already been made, outside counsel retained, and the investigation begun by the time Pritchard made the disclosure to Heppen.  Pritchard's disclosure to Heppen on November 18, 2016 did not set the wheels into motion regarding his termination as he now claims.

As with the NDAA, the District Court properly held that Pritchard's claims under the ARRA could not move past summary judgment. For claims of retaliation to be made under the ARRA, a plaintiff must show that the protected disclosure arose out of "covered funds" under the Act. In this case, Pritchard failed to make any such showing, and the evidence was actually to the contrary. *Id.* at 28.

For the same reasons the District Court found that summary judgment was appropriate for Pritchard's claims under Counts III and IV, the District Court found that summary judgment on Pritchard's claims for "hostile work environment" as a result of his alleged disclosures under the NDAA and the ARRA under Count V, was also appropriate. *Id.* Pritchard had not made the requisite showing of severe and pervasive conduct that was causally linked to his one alleged protected disclosure under the NDAA, and there were no protected disclosures under the ARRA. Although MWAA also argued that there is no hostile work environment claim that can even be made under the NDAA or the ARRA, the District Court declined to reach that argument given its ruling.

## III.   CONCLUSION

For the above reasons, MWAA respectfully requests that this Court grant its Motion for Summary Affirmance and affirm the District Court below.

Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

/s/ Joseph W. Santini

_____

Joseph W. Santini, Esq., Va. Bar # 47377
Lindsay A. Thompson, Va. Bar # 83175
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
jsantini@dclawfirm.com
lathompson@dclawfirm.com

*Attorneys for Defendant Metropolitan Washington Airports Authority*

## Local Rule 27(a) Certification

I HEREBY CERTIFY that I informed Plaintiff-Appellee's counsel of the intended filing of this Motion by telephone and e-mail on February 4, 2020, and requested that he either consent or advise as to his intent to oppose this Motion. At the time of this filing, Plaintiff-Appellee's counsel has not indicated whether he consents to the relief requested herein, or whether he intends to oppose this Motion.

/s/ Joseph W. Santini
_____
Joseph W. Santini

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 19th day of February 2020, I sent the above Motion for Summary Affirmance via the Court's ECF system, to:

>Richard Renner, Esq.
>James M. Eisenmann, Esq.
>Nina Y. Ren, Esq.
>KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
>818 Connecticut Ave., NW, Suite 1000
>Washington, D.C. 20006

/s/ Joseph W. Santini
_____
Joseph W. Santini